UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL AFFAIRS DEPARTMENT FOR THE MARIN COUNTY SHERIFF, et al.,<br><br>  Defendants. | Case No. 22-cv-04972-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>ECF Nos. 4, 5 |

## INTRODUCTION

Plaintiff, a detainee at Napa State Hospital ("NSH"), filed this civil rights complaint under 42 U.S.C. § 1983 against the Marin County Sheriff's Department, its Internal Affairs Division, and two individuals.[1] (ECF No. 1 at 2, 4.) Plaintiff filed 12 cases in this court, including this one, in approximately six months.[2] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is DISMISSED. Plaintiff's motions and other requests are also addressed below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

---

[1] Plaintiff does not indicate what governmental positions, if any, these individuals hold.
[2] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Board of Equalization*, No. C 22-6169 JSC; *Clark v. Supervisors for Marin County*, No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.*, No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance, et al.*, No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Marin County Sherriff's Dep't.*, et al., No. C 22-7295 JSC.

1    1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of

2    the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

3    may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

4    § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally

5    construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

7    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

8    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

9    which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

10   state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

11   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

12   formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

13   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

14   550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a

15   claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its

16   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

17   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

18         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

19   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

20   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

21   42, 48 (1988).

**DISCUSSION**

The complaint sets forth the following claim, which is quoted in its entirety:

> The respondents['] willful failure to honor my presentments placing them in default; the respondents['] failure to, refusal to, or neglect in the presentment of a verified response; the respondents['] failure to perform in good faith; the respondents['] acquiescence and tacit agreement with all terms, conditions and stipulations set forth. Therefore this matter is deemed res judicata and stare decisis. This Final Expression in the Record is intended as a complete administrative process between the parties.

(ECF No. 1 at 3.)

   A claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). Plaintiff's claim is wholly incomprehensible. His claim refers to unspecified "presentments" and a "verified response" in some unidentified case. There is no explanation for how these things form the basis of a federal claim. He goes on to allege a "failure to perform," an "agreement," and "terms, conditions and obligations" without any explanation of how this might relate to the prior allegations. While such allegations might suggest a state-law contract claim, no contract is alleged, and Plaintiff does not explain how any contract could form the basis for a claim under federal law. Plaintiff goes on to cite the legal doctrines of res judicata and stare decisis, but how these doctrines might apply to the other allegations or to any claim he might be making is neither explained by Plaintiff nor apparent to the Court. For these reasons, the Court finds Plaintiff's incomprehensible and, therefore, frivolous. Because the claim is incomprehensible, moreover, the Court cannot discern any way for it to be cured by amendment. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility). Accordingly, the case is dismissed without leave to amend.

   Plaintiff has filed two motions for a preliminary injunction. (ECF Nos. 4, 5.) The first (ECF No. 4) does not describe what form of injunction he seeks, while the second makes a number of allegations regarding involuntarily administered medication at the Marin County Jail (ECF No. 5). These allegations bear no apparent relation to the allegations in the complaint, but in any event, the need for an injunction based upon them would appear to be moot as Plaintiff is at NSH and no longer at the Marin County Jail. A preliminary injunction, moreover, requires service upon the Defendants or a certificate of the efforts, if any, Plaintiff has made to give notice of the motion to the Defendants. *See* Fed. R. Civ. P. 65(a)(1), (b). Defendants have not been served, and Plaintiff has not certified his efforts to notify Defendants of the motion. A preliminary injunction also requires Plaintiff to show his claims are likely to succeed. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). There is no possibility that Plaintiff's claim will

succeed because it is frivolous.  The Court also received from Plaintiff a filing (which was docketed by the Clerk as a letter) entitled "Liability  Refusing 1940 Fiduciary Duty Obligations Act w/o Due Process of Law," which alleges that one of the individual Defendants, Beth Jordan, has been committing "trust fraud."  (ECF No. 8.)  No similar allegations appear in the complaint and it is not clear what Plaintiff intends this filing to be.  To whatever extend Plaintiff wishes to sue Jordan for fraud, that is a claim of state law that must be brought in state court.  The motions for a preliminary injunction are denied.

Plaintiff also seeks a subpoena duces tecum (ECF Nos. 4, 6).  No subpoena will be issued because this case is being dismissed.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend.  The motions for a preliminary injunction are DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  April 13, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4